IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| **Vernon Samuel Brown**, | ) | Civil Action No. 3:16-2898-MGL-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Skip Holbrook and Cpl. Erkine Moody,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who appears to be a pre-trial detainee at the Richland County Detention Center, alleges a violation of his constitutional rights by the named Defendants.

A Rule 12 motion to dismiss has been filed on behalf of the "Defendant City of Columbia". However, the City of Columbia is not a named Defendant in this case. Rather, the named Defendants are Skip Holbrook and Erskine Moody, the Columbia Police Chief and a Columbia Police Officer, respectively. Liberally construed, Plaintiff seeks monetary damages against the named Defendants in their individual capacities, and injunctive relief in their official capacities.[1] Each Defendant is subject to suit for damages under § 1983 in their individual

---

[1] This Court is required to liberally construe pleadings filed by pro se litigants in order to allow for the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). Here, Plaintiff specifically states in his pleading that he is suing the Defendants in both their individual and official capacities, and requests both monetary damages and
(continued...)

1



capacities; see Will v. Michigan Dep't of State Police, 491 U.S. at 71; Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977); and for injunctive relief in their official capacities. Harper v. C.O. Joseph Barbagallo, No. 14-7529, 2016 WL 5419442 at * 7 (S.D.W.Va. Sept. 27, 2016) ["[O]fficial sued in his official capacity for prospective injunctive or declaratory relief is subject to suit"] (citing Lynn v. West, 134 F.3d 582, 587-588 (4th Cir. 1998)).

The City of Columbia states in its motion that it is seeking dismissal as a party Defendant because Plaintiff's allegations fail to state a claim of a violation of a constitutional right. To the extent the City's motion can be construed as a motion by the two named Defendants to dismiss Plaintiff's official capacity claims, Defendants' arguments are without merit. Plaintiff alleges that during his arrest on November 13, 2015, during a body search/pat down, the Defendant Moody "grabbed my penis not once but twice and stated toward me 'damn Mr. Brown you have a big dick'". Liberally construed, Plaintiff's claim is that he was sexually assaulted by the Defendant Moody during his arrest, a claim that may be prosecutable under the Fourth Amendment.[2] Walker v. Heard, No. 15-924, 2016 WL 6699417 at * 8 (N.D.Ala. Nov. 15, 2016) ["[T]he court concludes that Plaintiff has plausibly alleged a Section 1983 claim based on Defendant's violation of her Fourth Amendment rights when he sexually assaulted her".]. "[T]he Fourth Amendment generally proscribes unreasonable intrusions on one's bodily integrity and other harassing and abusive

---

[1](...continued)
injunctive relief.  See Complaint, § § III and VI.

[2]While the protections afforded by the Eighth Amendment apply to persons who have been convicted of crimes, the Fourth Amendment applies to claims arising in the context of an arrest or investigatory stop of a person.  Graham v. Connor, 490 U.S. 386. 395 (1989).



behavior that rises to the level of 'unreasonable seizure'." Piedvache v. Ige, No. 16-138, 2016 WL 6516826 at * 5 (D.Haw. Nov. 2, 2016) (citing Fontana v. Haskins, 262 F.3d 871, 878-879 (9th Cir. 2001) [holding that police officer's "sexual verbal and physical predication against a handcuffed arrestee" on ride to police station violated Fourth Amendment.]); cf. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ["In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse [is] unquestionably clearly established".]; Wolfe v. Cooper, No. 08-869, 2009 WL 2929438 at * 3 (D.S.C. Sept. 2, 2009) ["Sexual assault is 'not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries' under § 1983".]. Plaintiff further alleges that when he told the Defendant Holbrook about what had occurred, that Holbrook not only refused to investigate the incident, but would not even respond to his complaint.

Accepting the allegations of Plaintiff's Compliant as true, and drawing all reasonable factual inferences his favor, Plaintiff has asserted that Moody sexually assaulted him, and that Holbrook (Moody's boss) was aware of this conduct and condoned it and refused to take any corrective action. These allegations state a "plausible" claim for a violation of Plaintiff's constitutional rights against the two named Defendants sufficient to survive a Rule 12 motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) [Rule 12 motion to dismiss can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) ["[O]n a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the [claim] alleges sufficient facts which, if true, would permit a reasonable fact finder to find [the party seeking dismissal of the claim] liable."].



Therefore, even if the City of Columbia was the proper party defendant to have filed the motion to dismiss in this case, it is recommended that the motion be denied at this time. See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."].

The parties are referred to the Notice Page attached hereto.[3]

_____
Bristow Marchant
United States Magistrate Judge

December 15, 2016
Charleston, South Carolina

---

[3] In the event the District Judge declines to accept or adopt this recommendation, the file should be returned to the undersigned for notice to Plaintiff and an opportunity to file a formal response to the motion. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

