

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| VERNON SAMUEL BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:16-02898-MGL-BM |
| § | |
| SKIP HOLBROOK, Chief of Columbia Police, § | |
| and CPL. ERSKINE MOODY, Columbia § | |
| Police Department, individually and in their § | |
| official capacities, § | |
| § | |
| Defendants. § | |
| § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DENYING DEFENDANT CITY OF COLUMBIA'S MOTION TO DISMISS

This action arises under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant City of Columbia's Motion to Dismiss (Motion to Dismiss) be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

Plaintiff has asserted claims against Defendants in both their individual and official capacities. The Report and the Motion to Dismiss relate to Plaintiff's claims against Defendants in their official capacities only. Although Plaintiff has failed to explicitly name the City of Columbia as a defendant, claims against an individual in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky*

*v. Graham*, 473 U.S. 159, 165-66 (1986) (citation omitted) (internal quotation marks omitted). The real party in interest regarding official-capacity claims is the entity, and such claims are "to be treated as a suit against the entity." *Id.* at 166 (citation omitted). Because Plaintiff's Complaint alleges Defendants are agents of the City of Columbia, the City of Columbia's filing of the Motion to Dismiss is appropriate as to Plaintiff's official-capacity claims.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 15, 2016, ECF No. 32, but Defendants failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendant City of Columbia's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Signed this 6th day of January 2017, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.