IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

|  |  |  |
|---|---|---|
| **Vernon Samuel Brown**, | ) | Civil Action No.  3:16-2898-MGL-BM |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **REPORT AND RECOMMENDATION** |
|  | ) |  |
| **Skip Holbrook and Cpl. Erkine Moody,** | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who appears to be a pre-trial detainee at the Richland County Detention Center, alleges a violation of his constitutional rights by the named Defendants.  The pro se Plaintiff has filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., to which both Defendants have filed responses.  Plaintiff's motion is now before the Court for disposition.[1]

Plaintiff alleges that during his arrest on November 13, 2015, during a body search/pat down, the Defendant Moody "grabbed my penis not once but twice and stated toward me 'damn Mr. Brown you have a big dick'".  Liberally construed, Plaintiff's claim is that he was sexually assaulted by the Defendant Moody during his arrest, a claim that may be prosecutable under

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



the Fourth Amendment.[2]  <u>Walker v. Heard</u>, No. 15-924, 2016 WL 6699417 at * 8 (N.D.Ala. Nov. 15, 2016) ["[T]he court concludes that Plaintiff has plausibly alleged a Section 1983 claim based on Defendant's violation of her Fourth Amendment rights when he sexually assaulted her".].  In an affidavit attached to his motion for summary judgment, Plaintiff essentially reiterates the allegations of his Complaint, and asks that summary judgment be granted in this case.  Defendants ask the Court to deny Plaintiff's motion, with the Defendant Moody submitting his own affidavit disputing Plaintiff's claims.  Defendants further note that their responsive pleadings were not even filed until December 9, 2016, that this case is still in the discovery stage, and argue that Plaintiff's motion is therefore premature.  <u>See</u> Local Rule 26.04, D.S.C.  The undersigned agrees.

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991).  Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial.  <u>Baber v. Hosp. Corp. of Am.</u>, 977 F.2d 872, 874-75 (4th Cir. 1992).  Here, however, this case is still in the discovery stage, and Plaintiff's motion for summary judgment is therefore premature for consideration at this time.  Once the discovery period has expired, the undersigned will enter a dispositive motions order providing a deadline for the parties to file dispositive motions, if any.  Further, in the event the Defendants file

---

[2]While the protections afforded by the Eighth Amendment apply to persons who have been convicted of crimes, the Fourth Amendment applies to claims arising in the context of an arrest or investigatory stop of a person.  <u>Graham v. Connor</u>, 490 U.S. 386. 395 (1989).



a motion for summary judgment, as Plaintiff is proceeding <u>pro se</u>, a <u>Roseboro</u> order will be entered allowing Plaintiff additional time to file any response he wishes to submit.

Therefore, based on the foregoing, it is recommended that Plaintiff's motion for summary judgment be **denied** at this time, without prejudice. The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 25, 2017
Charleston, South Carolina

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

