IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, ) | CIVIL ACTION NO. 3:16-2898-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Skip Holbrook and Cpl. Erskine Moody, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who appears to have been a pre-trial detainee at the Richland County Detention Center during the time period set forth in the Complaint,[1] alleges violations of his constitutional rights by the named Defendants.

The Defendants filed motions for summary judgment on August 18, 2017. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on August 22, 2017, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond, the Defendants' motions may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth by the Court in the Roseboro order, Plaintiff has failed to file any

---

[1] Plaintiff has now apparently been released from custody, and resides in Columbia, South Carolina. See Court Docket No. 99 (Change of Address Notice).



1

response to the Defendants motions for summary judgment, or to contact the Court in any way.² See Baber v. Hospital Corp. of America, 977 F.2d 872, 874–875 (4th Cir. 2991)[Once moving party establishes basis for summary judgment, to survive summary judgment the opposing party must respond with evidence showing a genuine issue for trial].

As Plaintiff failed to respond to the Defendants motions for summary judgment or to contact the Court in any way, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the undersigned finds that Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. . Lopez, 669 F.2d 919 (4th Cir. 1982).³ Accordingly, this action should be dismissed for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.;⁴ see also Coker v. International Paper Co., No. 08-1865, 2010 WL 1072643, at * 2["[A] plaintiff can abandon claims by failing to address them in response to a summary judgment motion."]; Jones v. Danek Medical, Inc., No. 96-3323, 1999 WL 1133272 at * 3 (D.S.C. Oct. 12, 1999)["The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."].

---

²Plaintiff had himself, however, filed previous motions for summary judgment, which had been denied as prematurely filed and lacking in evidentiary support. See generally Court Docket Nos 37, 40, 43, 70, 84, 104.

³He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.

⁴After a litigant has received an explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990).



**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a response to the motions for summary judgment, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____

October 4, 2017  　　　　　　　　　　　Bristow Marchant
Charleston, South Carolina　　　　　　United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

